UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSEY, ESQ., | CASE NO. C17-1841JLR |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| DAVID SHORE, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Matthew James Lindsey, Esq.'s[1] complaint against various defendants (Compl. (Dkt. # 4)), and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Lindsey *in forma pauperis* ("IFP") status and recommending that the court review Mr. Lindsey's complaint pursuant to 28 U.S.C.

---

[1] In the caption to his complaint, Mr. Lindsey refers to himself as Matthew James Lindsey, Esq. (Compl. at 1; *see also id.* at 6.) However, in the body of his complaint, Mr. Lindsey also refers to himself as Matthew James Lindsey Shore. (*See id.* at 1, 3.)

§ 1915(e)(2)(B) (IFP Order (Dkt. #3) at 1).  Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners).  As discussed below, Mr. Lindsey's complaint falls within the category of pleadings that the court must dismiss.

## II.    BACKGROUND

Mr. Lindsey brings suit against several individuals, including:  Defendants David Shore, Carmencita Coranado, Stella Coranado, and Jacob Shore (collectively, "Defendants").  (Compl. at 2.)  Mr. Lindsey alleges that the court has subject matter jurisdiction over his claims based on diversity of citizenship under 28 U.S.C. § 1332.  (*Id.* at 3.)  He alleges that the amount in controversy is $615,000.00.  (*Id.* at 4.)  He also alleges that he is a citizen of Washington State and that Ms. Carmencita Coranado is a citizen of California.  (*Id.* at 3.)  He further alleges California addresses for Mr. David Shore, Ms. Carmencita Coranado, and Ms. Stella Coranado.  (*Id.* at 2.)  Mr. Lindsey fails to allege an address, residence, or state citizenship for Mr. Jacob Shore.

Mr. Lindsey's factual allegations are sparse.  His claims apparently involve the settlement of an estate.  (*See id.* at 5.)  He alleges that the events giving rise to his claim occurred in 1999 in Martinez, California.  (*Id.* at 4.)  He further alleges that "[t]he administrators and attorney's [sic] failed to give notice and obtain consent for the

compensations and disbursements to the 'Existing Beneficiaries' of the 'Estate of Marvel Shore.'" (*Id.*)  He does not identify who the administrators, attorneys, or existing beneficiaries are.  (*See generally id.*)  He further alleges that "[t]he beneficiaries are requesting that the venue be changed to the state of residency of the remaining beneficiaries." (*Id.*)  He does not allege why the beneficiaries' request to change venue gives rise to a legal claim.  (*See generally id.*)  Finally, he alleges that "[i]t has been almost 20 years in default, and unsettled." (*Id.*)  The court presumes that this allegation refers to the Estate of Marvel Shore ("the Estate"), but Mr. Lindsey never alleges what his connection, if any, is to the Estate, why the Estate is "in default," why the Estate remains "unsettled," or why any of these circumstances give rise to a claim entitling him to relief.  (*See generally id.*)  Mr. Lindsey alleges no other facts concerning his possible claim or claims.  (*See generally id.*)

### III.    ANALYSIS

**A.    Subject Matter Jurisdiction**

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.").  Further, the court has an independent obligation to assess whether it has subject matter jurisdiction over a case.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter

jurisdiction"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Mr. Lindsey asserts that the court has subject matter jurisdiction over his claims based on 28 U.S.C. § 1332. (Compl. at 3.) A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Federal diversity jurisdiction requires complete diversity of citizenship between the parties, where each of the plaintiffs is a citizen of a different state than each of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Because Mr. Lindsey has failed to allege the state citizenship or residency of Mr. Jacob Shore, the court cannot determine if the state of citizenship for each of the defendants is different from Mr. Lindsey's state of citizenship. Accordingly, the court cannot establish its jurisdiction and must dismiss Mr. Lindsey's complaint.

**B.      Dismissal under 28 U.S.C. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level."

*Id.* at 555.  An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(1)(2).  Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even liberally construed, Mr. Lindsey's factual allegations are wholly inadequate to plausibly establish the defendants' liability and or raise Mr. Lindsey's "right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555.  Although his complaint appears to involve the settlement of an estate (*see generally* Compl.), there is no way for either the court or Defendants to discern the nature of Mr. Lindsey's claims based on his sparse allegations.  Any such attempt would be mere speculation.  Mr. Lindsey's complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Mr. Lindsey's complaint fails to accomplish this requirement.  Although his complaint does not need detailed factual allegations, in order to overcome the foregoing deficiencies, he must allege sufficient factual matter to place Defendants on notice of what his claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555-56.  Because Mr. Lindsey fails do so, the court concludes that Mr. Lindsey's complaint fails to state a claim against Defendants, and the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

**C.   Leave to Amend the Complaint**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Lindsey fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein.  If Mr. Lindsey fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Lindsey's complaint for failure to allege facts establishing grounds for the court's subject matter jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(2).  The court, however, GRANTS Mr. Lindsey leave to file an amended complaint with fourteen (14) days of the filing of this order.

Dated this 12th day of January, 2018.

JAMES L. ROBART
United States District Judge